**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANOLO HERNANDEZ-VAZQUEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-70748

Agency No. A205-320-604

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Manolo Hernandez-Vazquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and relief under the Convention Against Torture ("CAT") and his request for a

continuance.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the agency's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Hernandez-Vazquez failed to establish the harm he experienced in Mexico was on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). In addition, substantial evidence supports the agency's conclusion that Hernandez-Vazquez failed to establish it is more likely than not he will be persecuted in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Hernandez-Vazquez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Hernandez-Vazquez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, the agency did not abuse its discretion in denying Hernandez-Vazquez's request for a continuance where he failed to demonstrate good cause.

17-70748

*See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider).

**PETITION FOR REVIEW DENIED.**